# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | |
|---|---|
| RICK SEARCY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:21-CV-00530-DGK |
| ) | |
| CENTRAL INTELLIGENCE AGENCY, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER DENYING MOTION TO RECUSE

Now before the Court is pro se Plaintiff Rick Searcy's motion to have the Court recuse from this case. ECF No. 75. Plaintiff argues the Court should recuse itself from this case pursuant to pursuant to 28 U.S.C. §§ 144 and 455.

Section 144 provides that,

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

28 U.S.C. § 144. Notwithstanding the statute's wording, appellate courts have consistently held that "[t]he simple filing of an affidavit does not automatically disqualify a judge." *United States v. Bray*, 546 F.2d 851, 857 (10th Cir. 1976); *see, e.g., United States v. Dansker*, 537 F.3d 40, 53 (3rd Cir. 1976). "An affidavit must comply with §144 before it can effectively disqualify a judge." *Bray*, 546 F.2d at 857. It must be filed at the earliest moment the party acquires "knowledge of facts demonstrating the basis for disqualification." 12 James Wm. Moore, Moore's Federal Practice, 63.61 (3d ed. 1997 & Supp. 2011). It must also "allege personal rather than judicial bias" and "must contain more than mere conclusions. [It] must show facts indicating the existence of a

judge's personal bias and prejudice." *Bray*, 546 F.2d at 857.  A court's issuance of an adverse ruling or rulings is insufficient grounds for disqualification.  *Id.*  If the affidavit is insufficient to compel disqualification, the judge has a duty to preside.  *Dansker*, 537 F.3d at 53.  Plaintiff did not file an affidavit in support of his motion, and thus has not met the procedural requirements for a motion to recuse under 28 U.S.C. § 144.

The other statute upon which Plaintiff relies, 28 U.S.C. § 455(a), states in relevant part that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."

Plaintiff argues this Court is prejudiced against him because his lawsuit alleges the existence of a "pedophile/drug distribution enterprise," with whom Plaintiff believes the Court is involved.  Plaintiff points to his various interactions with the clerk's office and to the Court's delay in ruling on his pending motions as evidence of prejudice and of the Court's involvement.  Plaintiff's motion is meritless, and it is DENIED.

**IT IS SO ORDERED.**

Date: April 6, 2022  /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT