# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| RICK SEARCY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:21-CV-00530-DGK |
| ) | |
| CENTRAL INTELLIGENCE AGENCY, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## **SHOW CAUSE ORDER**

Pro se Plaintiff Rick Searcy's has brought this ostensible civil rights complaint, in which he alleges that various federal agencies, the United States Army, various religious institutions, and multiple Missouri state court judges and prosecutors, are involved in—among other things—an international pedophile, drug-distribution, kidnapping, and murder ring, and that Defendants have attempted to control Plaintiff's mind through "synthetic telepathy." Am. Compl., ECF No. 44. Many of Plaintiff's numerous filings—which he has filed in person via the clerk's office—have included pornographic images. Further, Plaintiff has grown increasingly more demanding with court staff, and has voiced his displeasure with court staff in various filings. *See* Mot. for Recusal, ECF No. 75. Finally, Plaintiff has informed the Court that he intends to file a "second round" of civil rights lawsuits against various defendants. Mot., ECF No. 68.

A federal court may "issue all writs necessary or appropriate in aid of [its] respective jurisdiction[] and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). A plaintiff has "no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *In re Tyler*, 839 F.2d 1290, 1292 (8th Cir. 1988) (quoting *Phillips v. Carey*, 638 F.2d 207, 208 (10th Cir. 1981)). Such claims "consume a significant amount of judicial resources,

diverting the time and energy of the judiciary away from processing good faith claims." *Id.* The Court therefore has discretion to "place reasonable restrictions on any litigant who files non-meritorious actions for obviously malicious purposes and who generally abuses judicial process." *Id.* at 1293. Further, "[d]efendants have a right to be free from harassing, abusive, and meritless litigation," *id.*, and court staff likewise has a right to be free from harassment and abuse.

The Court is therefore considering restricting Plaintiff's ability to file in this district. However, a filing restriction must be narrowly tailored to the specific circumstances at issue. *In re Pointer*, 345 F. App'x 204, 205 (8th Cir. 2009). The Court must also give Plaintiff notice and an opportunity to be heard before the restriction goes into effect. *Id.*

On or before April 21, 2022, Plaintiff shall show cause as to why the following restriction on his ability to file should not go into effect: Plaintiff will be required to obtain leave of Court before making any filings in this case or filing any new lawsuits in this district. Further, court staff will be directed to not accept filings which contain any pornography.

Court staff is directed to refuse all of Plaintiff's filings—except for Plaintiff's response to this Show Cause Order—between the date of this Show Cause Order and April 21, 2022.

Further, Plaintiff is reminded that all litigants are required to be respectful and courteous to court staff. Failure to abide by this requirement may result in further restrictions.

**IT IS SO ORDERED.**

Date: April 6, 2022  /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT