IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| RICK SEARCY, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:21-CV-00530-DGK |
| CENTRAL INTELLIGENCE AGENCY, et al., | ) |
| Defendants. | ) |

## ORDER GRANTING MOTIONS TO DISMISS AND DISMISSING REMAINING CLAIMS

Now before the Court are Defendants' Wayne Mitchell Elliot, George Pickett, John Sales, Shawn L. Blair, Peter W. Schloss, Christopher Herschel Pickett, Stephen K. Griffin, Werner A. Moentmann, the Church of Jesus Christ of Latter-Day Saints ("LDS"), the Central Intelligence Agency ("CIA"), the National Security Agency ("NSA"), and the United States Army's ("Army") motions to dismiss pro se Plaintiff Rick Searcy's Amended Complaint.[1]  ECF No. 47, 48, 49, 51, 52, 56, 57, 63.  Plaintiff's Amended Complaint largely alleges that Defendants have engaged in "synthetic telepathy" in an attempt to either murder him or "recruit [him] for their own sexual gratification."  Compl. at 5, ECF No. 1; Am. Compl. at 6–7, ECF No. 44.  Plaintiff's Amended Complaint also incorporates a motion for injunctive relief.  Because Plaintiff has failed to allege facts sufficient to state a cause of action, Defendants' motions to dismiss are GRANTED, and

---

[1] It appears that Plaintiff does not intend for the Amended Complaint to supersede his initial complaint.  Instead, it appears that Plaintiff intends the Amended Complaint to incorporate allegations made in the initial complaint, adding "additional evidence" and additional respondents—namely the Army and LDS.  Because the Court construes pro se complaints liberally, it considers allegations made in both Plaintiff's initial complaint and in the Amended Complaint in ruling on this motion to dismiss.

Plaintiff's motion for injunctive relief is DENIED. In addition, Plaintiff's claims against the remaining defendants are DISMISSED WITHOUT PREJUDICE.

**Standard of Review**

A claim may be dismissed if it fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In ruling on a motion to dismiss, the Court "must accept as true all of the complaint's factual allegations and view them in the light most favorable to the Plaintiff[]." *Stodghill v. Wellston School Dist.*, 512 F.3d 472, 476 (8th Cir. 2008). However, "the Court is not bound to accept as true a legal conclusion couched as a factual allegation." *Warmington v. Bd. of Regents of Univ. of Minn.*, 998 F.3d 789, 796 (8th Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This is because defendant must receive fair notice of what the claim is and the grounds on which it rests. *Id.* at 565. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The Plaintiff need not demonstrate the claim is probable, only that it is more than just possible. *Id.*

In reviewing the complaint, the Court construes it liberally and draws all reasonable inferences from the facts in Plaintiff's favor. *Monson v. Drug Enforcement Admin.*, 589 F.3d 952, 961 (8th Cir. 2009).

**Discussion**

Plaintiff claims that the CIA, NSA, and the Army are engaged in the use of telepathic weaponry against United States citizens, and that all of the Defendants have conspired to engage in sexual abuse of children, drug smuggling, assassination attempts, sex trafficking, psychological

warfare, mind control, murder, rape, spouse-swapping, etc.  Plaintiff makes no factual allegations which allow the Court to draw a reasonable inference that would support any such claims.  Even if he did, Plaintiff fails to articulate a legal theory which would entitle him to relief.  As such, Defendants' motions, ECF Nos. 47, 48, 49, 51, 52, 56, 57, 63, are GRANTED.  Plaintiff's claims against these Defendants are DISMISSED WITH PREJUDICE.

The only remaining claims in this case are against Defendants James Michael Kennedy, Christy Lea Fischer, and Bob Griffin.  None of these Defendants have been served.  Under Fed. R. Civ. P. 4(m), the Court must dismiss without prejudice any claims against defendants who are not served within 90 days after a complaint is filed.  While the Court may grant an extension of time for good cause, Plaintiff bears the burden to establish good cause.  *Kurka v. Iowa City*, 628 F.3d 953, 957 (8th Cir. 2010).  Plaintiff cannot establish good cause because his complaint does not state a claim upon which relief could be granted.[2]  Plaintiff's claims against James Michael Kennedy, Christy Lea Fischer, and Bob Griffin are therefore DISMISSED WITHOUT PREJUDICE.

Plaintiff's motion for injunctive relief is DENIED.

**IT IS SO ORDERED.**

Date:  April 20, 2022          /s/ Greg Kays
                               GREG KAYS, JUDGE
                               UNITED STATES DISTRICT COURT

---

[2] Defendant Bob Griffin is deceased, so Plaintiff would not be able to serve him even if he were granted an extension. *See* Mot., ECF No. 68.